JUDGE ROBINSON



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
J.G. AND R.G., on behalf of N.G.

                     Plaintiffs,

-against-

KIRYAS JOEL UNION FREE SCHOOL DISTRICT
                     Defendant.
-----------------------------------------------------------x

**COMPLAINT**

Docket No.:

Plaintiffs J.G. and R.G., on behalf of N.G., by their attorneys, Mayerson & Associates, as and for their Complaint against defendant Kiryas Joel Union Free School District, allege and state the following:

1. Plaintiff N.G. is a minor child who is classified as a student with an eligible disability.

2. N.G. is a student residing within the Kiryas Joel Union Free School District entitled to all rights, entitlements, and procedural safeguards mandated by applicable law and statutes including, but not limited to the Individuals with Disabilities Education Act (hereinafter "IDEA"), 20 U.S.C. § 1400 et. seq., and the pertinent implementing regulations promulgated under the Code of Federal Regulations, as well as the New York State Education Law and its implementing regulations.

3. Plaintiffs J.G. and R.G are N.G.'s parents and are residents of the State of New York, residing with N.G. at an address within the Kiryas Joel Union Free School District (hereinafter "KJ" or "the District").

4. N.G. and his parents, J.G. and R.G., are not expressly named herein by their given names, or further identified by their actual address within New York, because of

the privacy guarantees provided in the IDEA statute, as well as in the Family Educational Rights Privacy Act, 20 U.S.C. 1232(g) and 34 C.F.R. 99.

5. Defendant Kiryas Joel Union Free School District, upon information and belief, is a duly constituted school district organized under the laws of the State of New York.

6. The District is a "local educational agency" as that term is defined in the federal IDEA statute, and is the entity responsible for fulfilling N.G.'s statutory entitlements.

7. The District receives all state and federal funding to which it is entitled. In exchange for such funding, the District is obligated to comply with the requests of law and statute.

8. Pursuant to the IDEA statute, as well as the New York State Education Law, all school agencies within the State are required to offer eligible students with disabilities educational programs that are tailored to meet the individual needs of the child, and that are in the child's "least restrictive environment."

9. The District is a school district that is statutorily obligated under the IDEA, as well as the laws of the State of New York, to provide N.G. with a FAPE in N.G.'s "least restrictive environment", i.e., educating N.G. with non-disabled students to the "maximum extent appropriate." This is one of the few "maximizing" provisions of the IDEA statute.

10. The underlying administrative "due process" proceeding was brought to secure reimbursement and related relief pursuant to the seminal Supreme Court authorities of Board of Education v. Rowley, 458 U.S. 176 (1982), Burlington School

2

## JURISDICTION AND VENUE

13. Pursuant to the IDEA statute (20 U.S.C. Sec. 1415), this Court has jurisdiction over this action without regard to the amount in controversy.

14. Venue is proper in that plaintiffs and the defendant reside in or are situated in this District.

## PLAINTIFF'S CLAIM FOR RELIEF

15. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 to 14, as if fully set forth here.

16. An educational planning meeting ("IEP" meeting) was held for N.G. on August 18, 2005.

17. Although N.G.'s IEP for the 2005-2006 school year was supposed to be an "Individualized Education Plan" that would be tailored to meet N.G.'s unique and individual needs, and although N.G.'s parents were required to be meaningfully included as equal members of N.G.'s IEP meetings, the evidence at the underlying hearing shows that defendant impermissibly "predetermined" the components of the IEP that defendant offered to N.G. for the 2005-2006 school year.

18. The evidence at the hearing amply established the FAPE deprivation for Prong I purposes, and that N.G. was not offered a program in his "least restrictive environment."

19. At N.G.'s August 18, 2005 IEP meeting, although N.G. was already attending a "mainstream" class one day a week, and although N.G.'s parents were requesting consideration for a "mainstream" (general education) component for N.G.'s educational

program, KJ failed to ensure the attendance of someone who was an actual "general education teacher," as required by statute.

20. KJ failed to ensure the attendance of a "general education teacher" because KJ apparently does not even have "general education teachers" to bring to IEP meetings, as is required per 34 CFR Sec. 300.344(a)(2).

21. During the hearing, KJ attempted to pass off the attendance of Susan Gartenberg, principal of a KJ school, as the "general education teacher" in attendance. However, even Mrs. Gartenberg stated that she never, in words or substance, told anyone that she was appearing as a "general education teacher."

22. There also was no special education teacher present at the IEP meeting, as was required by statute. N.G.'s IEP team must include at least one special education teacher per 34 CFR Sec. 300.344(a)(2) and (3) and per IDEA 2004, Section 1414(d)(1)(B).

23. N.G.'s parents and KJ never agreed to excuse attendance of this required member of the IEP team.

24. Moreover, a special educator's attendance was necessary in order to generate, discuss and/or modify N.G.'s curriculum or related services.

25. There was no meaningful waiver of the presence of the required "parent member."

26. The IEP states that N.G. needs adult assistance and guidance in order to interact with his peers, yet it fails to provide any support for school personnel on behalf of N.G.

27. The KJ district never considered assistive technology for N.G.

28. KJ did not have, much less consider, the "full continuum" for N.G., but rather sought to "shoehorn" N.G. into KJ's unduly restrictive and 100% special education, self-contained classroom.

29. KJ impermissibly "predetermined" and "shoehorned" N.G.'s placement and program in all material respects, and in doing so, also failed to meaningfully include N.G.'s parents as equal members of the IEP team.

30. By failing to provide adult assistance and guidance to N.G., KJ deprived N.G. of his participation and interaction with his nondisabled peers.

31. The IHO Decision is dated December 14, 2007 and the SRO Decision is dated April 18, 2007. Other than the IHO decision to a limited extent, the underlying administrative decisions conclude, contrary to the record, that defendant did nothing wrong, and that plaintiffs are not entitled to any declaratory reimbursement, or other relief.

32. The IHO and SRO drew erroneous conclusions as a matter of law and statute.

33. Ms. Weltscher's observation of N.G. in his mainstream setting, as "additional evidence," is appropriate to complete the record on this modified *de novo* review.

34. KJ, by offering N.G. only what it had (i.e., a self-contained classroom) and not what would have amounted to a FAPE, N.G.'s LRE violated N.G.'s statutory entitlements.

35. The IHO and SRO impermissibly glossed over the fact that KJ inexplicably does not offer any regular education classes within the KJ District and does not employ any regular education teachers.

36. The IHO and SRO failed to apply the applicable less stringent standard of "reasonably calculated" to assess the reimbursability of N.G.'s supplemental services.

37. The administrative decisions below should be reversed as clearly erroneous as a matter of law and statute.

WHEREFORE, it is respectfully submitted that this Court should:

a. Reverse the IHO Decision except insofar as it rendered certain relief in N.G.'s favor;

b. Reverse the SRO Decision in its entirety;

c. Declare that defendant failed to offer N.G. a FAPE in his LRE;

d. Order that the District reimburse N.G. and his parents for the cost of N.G.'s unilateral placement supports;

e. Award compensatory education to N.G. equal to any lapses in pendency; and

f. Accord plaintiffs such other, further and different relief as may be just under the circumstances.

Dated: New York, New York
July 16, 2008

Gary S. Mayerson, Esq. (GSM 8413)
Mayerson & Associates
330 West 38th Street, Suite 600
New York, New York 10018
(212) 265-7200
(212) 265-1735 (fax)
www.mayerslaw.com

7